### FEDERAL STREET & P. V. PASSENGER RY. CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 6061.

Circuit Court of Appeals, Third Circuit.

June 19, 1936.

Rehearing Denied Aug. 28, 1936.

William A. Seifert, William Wallace Booth, Reed, Smith, Shaw & McClay, and John A. McCann, all of Pittsburgh, Pa., for petitioner.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key and Harry Marselli, Sp. Assts. to Atty. Gen., for respondent.

Before BUFFINGTON and DAVIS, Circuit Judges, and DICKINSON, District Judge.

BUFFINGTON, Circuit Judge.

In this income tax case it appears that the Federal Street & Pleasant Valley Passenger Railway Company, the appellant taxpayer (hereafter called Pleasant Valley), in 1896 leased its property for 950 years to the North Side Traction Company (hereafter called North Side). As part of the consideration of the lease, North Side assumed payment of the bonds and coupons of a mortgage of $1,250,000 given by Pleasant Valley. The mortgage falls due in forty-six years. In 1926 the trustee-mortgagee bought for $13,984 some $18,000 bonds and retired the same. Other than the above, Pleasant Valley has received no profit from the assumption of the mortgage by North Side save its payment of coupons, but these coupon payments are not here involved or claimed to be income.

In spite of the fact that no income has accrued to Pleasant Valley from the assumption of this mortgage by North Side, the tax authorities have on some theory contended that the mortgage, though unpaid, should be spaced over the forty-six years of its existence and income tax on this $27,173.90 be assessed each year against Pleasant Valley. Apart from this yearly division, we find no warrant for taxing Pleasant Valley, as income of 1926, any part of this mortgage for the taxable year here involved. It has received no income, and we respectfully suggest that taxation against it as income on $\frac{1}{46}$ of the mortgage not due for some forty-odd years has no foundation of fact or warrant of law.

So regarding, the order of the Board of Tax Appeals is vacated.